UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TERRELL DOUGLAS, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER FULTZ, et al., <br><br> Defendants. | CAUSE NO. 4:23-CV-98-JD-JEM |

OPINION AND ORDER

Terrell Douglas, a prisoner without a lawyer, filed a second amended complaint against Officer Fultz and "unnamed involved" Lafayette Police Department ("LPD") officers. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, Douglas, who is housed at the Tippecanoe County Jail, alleges that on January 2, 2022:

> While driving I noticed LPD following me, without observing any criminal conduct. Upon reaching my destination, exiting my vehicle I entered the residence. LPD officers acting under color of state law began knocking on the [sic] and ordered me outside with their department issued firearms drawn. Having used more force than was necessary, I was

> then detained, taken into police custody. LPD officers, acting under the direction of Officer Fultz caused me loss of liberty, while using excessive force. I was placed in pretrial detention in violation of my rights secured by the Fourth and Fourteenth Amendments.

ECF 19 at 1-2. In the relief section of his second amended complaint, Douglas is seeking monetary damages and declaratory relief against each defendant. *Id*. at 4.

Douglas's second amended complaint is unduly vague and lacking in necessary detail. Here, he has not explained or described the events in this case in such a way that the court can ascertain why he is suing the defendants. While Douglas alleges that the defendants subjected him to excessive force, he does not describe the nature of the force used against him or his injuries. He also alleges that his Fourth and Fourteenth Amendment rights were violated, but he does not explain what the defendants did to violate his rights. In sum, Douglas has not sufficiently explained the circumstances giving rise to his arrest and detention and why he believes his constitutional rights were violated.

Furthermore, while unclear from his second amended complaint, Douglas may be asserting a false arrest claim against Officer Fultz. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, he must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure,

2

whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred."). Because Douglas does not explain why he is suing Officer Fultz, he may not proceed against him.

The second amended complaint does not state a claim for which relief can be granted. If Douglas believes he can state a claim based on (and consistent with) the events described in this complaint, he may file another amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

3

(1) GRANTS Terrell Douglas until **September 10, 2024**, to file an amended complaint; and

(2) CAUTIONS Terrell Douglas that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 13, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT